IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-00320-WYD-MEH

MALIBU MEDIA, LLC,

   Plaintiff,

v.

PATRICK BABB,

   Defendant.

# ORDER

THIS MATTER is before the Court in connection with Plaintiff's Motion for Entry of Default Judgment Against Defendant Patrick Babb ("Babb") filed July 22, 2013.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge was issued on August 20, 2013, and is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty recommends therein that Plaintiff's Motion for Entry of Default Judgment be granted in part and denied in part.  (See Recommendation at 1, 16.)  Specifically, he first notes that Defendant Babb did not answer or respond to the Amended Complaint before the deadline, and that an Entry of Default was docketed by the Clerk of the Court on July 10, 2013.  (Id. at 8.)  He further notes that a hearing was held on Plaintiff's motion on August 19, 2013, and that Babb did not appear at the hearing.  (Id.)

Magistrate Judge Hegarty then recommends finding that default judgment be entered in Plaintiff's favor against Babb pursuant to Fed. R. Civ. P. 55(b)(2). (Recommendation at 9.)  In support of this, he finds that the Court has jurisdiction and that "Plaintiff has established violations of its copyrights by Defendant Babb, in that a computer at Babb's residence participated in an illegal download of fourteen (14) of Plaintiff's copyrighted works".  (*Id.* at 10.)  Thus, Magistrate Judge Hegarty recommends that the Court find that Babb has committed fourteen (14) direct infringements of the Copyright Act against Plaintiff.  (*Id.* at 13.)  He also recommends that Babb be ordered to pay Plaintiff $31,500.00 in statutory damages ($2,250.00 per infringement) as authorized by 17 U.S.C. § 504(c)(1), and $2,995.00 for attorney's fees and costs as authorized by 17 U.S.C. § 505.  (*Id.* at 14-16.)

Finally, Magistrate Judge Hegarty recommends that the Court grant in part and deny in part Plaintiff's request for injunctive relief.  Thus, it is recommended that Plaintiff's request for an order directing Babb to "delete and permanently remove the digital media files relating to Plaintiff's works" and to "delete and permanently remove the infringing copies of the works" from each of the computers under Babb's possession, custody or control" be granted as reasonable.  (Recommendation at 15.) On the other hand, Magistrate Judge Hegarty recommends that the request to enjoin Babb "from continuing to infringe Plaintiff's copyrighted works" be denied, as he found that Plaintiff failed to proffer evidence sufficient to justify this request.  (*Id.* at 15-16.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation.  (Recommendation at 1

n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. The Recommendation is well reasoned and persuasive. I agree that Plaintiff should be granted default judgment against Babb for direct copyright infringement of Plaintiff's copyrighted works. I further agree with the recommendation on damages—that Babb should pay Plaintiff $31,500.00 in statutory damages and $2,995.00 for attorney's fees and costs. Finally, I agree that Plaintiff's request for injunctive relief should be granted in part and denied in part as set forth in the Recommendation. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated August 20, 2013 (ECF No. 28) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that Plaintiff's Motion for Entry of Default Judgment Against Defendant Patrick Babb (ECF No. 24) is **GRANTED IN PART AND DENIED IN PART**; namely, it is granted as to the request for a default judgment and for damages, and granted in part and denied in part as to the request for injunctive relief.  Therefore, it is

ORDERED that the Clerk of Court shall enter judgment in Plaintiff's favor against Defendant Patrick Babb for direct copyright infringement of Plaintiff's copyrighted works, as set forth in Count I of the Complaint.  It is

FURTHER ORDERED that Defendant Babb shall pay Plaintiff the sum of $31,500.00 in statutory damages and $2,995.00 for attorney's fees and costs.  It is

FURTHER ORDERED that Defendant Babb shall permanently destroy all the digital media files relating to, and copies of, Plaintiff's copyrighted works made or used by him in violation of Plaintiff's exclusive rights, as well as all masters in his possession, custody or control from which such copies may be reproduced.  Finally, it is

ORDERED that Plaintiff's request to "[p]ermanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works" is denied.

Dated:  September 26, 2013

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Senior United States District Judge